UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRENDA SMITH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:07-CV-529 RM |
| ) | |
| CITY OF NAPPANEE, ) | |
| ) | |
| Defendant ) | |

OPINION and ORDER

Brenda Smith filed her complaint in the Elkhart Circuit Court for damages relating to the termination of her employment with the City of Nappanee. The City then removed the action to this court based on Ms. Smith's claim, in Count II of her complaint, of employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Pending before the court is the City's motion to dismiss the complaint and Ms. Smith's motion to dismiss Count II of her complaint, filed in response to the City's motion, in which Ms. Smith says that if Count II is dismissed, her complaint contains no federal claim that would provide this court with jurisdiction over her complaint, so the action should be remanded to the Elkhart Circuit Court.

The City of Nappanee responds that Count II of the complaint should be dismissed with prejudice because Ms. Smith hasn't established that she exhausted her administrative remedies prior to bringing suit under the ADA. The City asserts that "[i]t would now appear that the plaintiff's federal law theory was

always without merit, and that its erroneous inclusion in plaintiff's complaint wrongfully induced both the removal proceedings, as well as the expenditure of the filing fee." Resp., ¶ 8. The City argues that any remand of the case should be contingent on Ms. Smith's repaying the City the $350 fee it incurred in removing the action to this court, but the City has provided no authority for the court to make any remand order contingent upon Ms. Smith's repayment of the filing fee. *See* Roger Whitmore's Auto. Servs., Inc. v. Lake County, 424 F.3d 659, 664 n.2 (7th Cir. 2005) ("It is the parties' duty to package, present, and support their arguments."); Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 862 (7th Cir. 2005) ("unsupported . . . arguments are waived").

Ms. Smith agrees that dismissal of Count II should be with prejudice, so her motion to dismiss [docket # 10] is GRANTED and Count II of her complaint is DISMISSED with prejudice. Based on the dismissal of Ms. Smith's ADA claim, no federal claim remains to which her state claims could be supplemental, so remand is appropriate. *See* 28 U.S.C. § 1367(c)(4); Williams v. Aztar Indiana Gaming Corp., 351 F.3d 294, 300 (7th Cir. 2003) (discussing general rule that when federal claims have been dismissed before trial, district court should relinquish jurisdiction over state claims). The City's motion to dismiss the remainder of the complaint [docket # 7] is DENIED without prejudice and all claims contained in Counts I, III, IV, and V of Ms. Smith's complaint are ordered REMANDED to the Elkhart Circuit Court.

SO ORDERED.

ENTERED:   June 5, 2008

                                /s/ Robert L. Miller, Jr.
                                Chief Judge
                                United States District Court